UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEROY HOPKINS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT ALTON MCDONALD, Secretary, Department of Veterans Affairs, *et al.*,<br><br>Defendant. | NO. C15-1918RSL<br><br>ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO SERVE |

This matter comes before the Court on "Federal Defendant's Motion to Dismiss" (Dkt. # 2) and "Plaintiff's Motion to Serve Defendants" (Dkt. # 21). Having considered the parties' briefs and the remainder of the record, the Court finds as follows.

## BACKGROUND

Plaintiff filed this action against Robert Alton McDonald, Secretary, Department of Veterans Affairs, and eleven Department of Veterans Affairs (VA) employees, alleging employment discrimination, based on his race, sex, disability, and age, and retaliation during his employment with the VA Seattle Regional Office. Plaintiff claims that he was subject to unspecified racial intimidation, which he reported; was singled out and received counseling for using his phone; was inappropriately disciplined for his attendance; and ultimately was terminated for a discriminatory or retaliatory reason. Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985, 1986; under Title VII; and for intentional and negligent infliction of emotional distress under state law. Dkt. # 1 at 17-21.

ORDER GRANTING MOTION TO DISMISS
AND DENYING MOTION TO SERVE - 1

# DISCUSSION

**A. Motion to Dismiss**

### 1. Dismissal for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss based on lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and the burden falls on the plaintiff to establish that the Court has subject matter jurisdiction. Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Sovereign immunity places an "important limitation" on federal courts' jurisdiction. Id. The United States and federal agencies have sovereign immunity from all lawsuits unless Congress expressly waives that immunity. Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999). A statute that creates subject matter jurisdiction does not necessarily waive sovereign immunity. Powelson v. U.S., By & Through Sec'y of Treasury, 150 F.3d 1103, 1105 (9th Cir. 1998). If a defendant moves to dismiss on more than one ground, the Court will consider subject matter jurisdiction under Rule 12(b)(1) before considering other bases because a lack of jurisdiction will render other grounds for dismissal moot. Sager v. McHugh, 942 F. Supp. 2d 1137, 1141 (W.D. Wash. 2013) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1350 (2004 ed.)).

Before turning to the question of whether plaintiff's claims are barred by sovereign immunity, the Court will first address whether sovereign immunity applies equally in this case to bar any claims against the individually-named defendants. A plaintiff cannot avoid the bar of sovereign immunity by naming and including allegations against federal employees in their official capacities; if a federal employee is sued in his official capacity the suit is still one against the United States. See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688-89 (1949); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). In this case, plaintiff has named eleven federal employees as defendants.[1] Dkt. # 1 at 1-2. The allegations against these

---

[1] These employees have not been served in accordance with Federal Rule of Civil Procedure 4. Plaintiff filed a "Motion to Serve Defendants" (Dkt. # 21), which is addressed below.

ORDER GRANTING MOTION TO DISMISS
AND DENYING MOTION TO SERVE - 2

individuals appear to be based solely on actions taken as federal employees in their official capacity.  See, e.g., id. at 1-3 (identifying individuals by VA titles) and 5-16 (factual allegations regarding individuals focused on actions taken as federal employees).  Plaintiff's opposition to the motion to dismiss confirms that the individuals' alleged actions were taken in their official capacity.  Dkt. # 17 at 6 ("When the discriminatory actions took place, the defendants were acting as Federal actors.").  Because the named federal employees are being sued in their official capacities, to the extent that sovereign immunity bars plaintiff's claims, those claims cannot be asserted against the individually-named defendants.

Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986.  Dkt. # 1 at 17-19.  The Ninth Circuit has held that claims under these sections are barred by sovereign immunity.  Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011); Delta Sav. Bank v. United States, 265 F.3d 1017, 1024 (9th Cir. 2001).  Accordingly, plaintiff's claims under Sections 1983, 1985, and 1986 are dismissed with prejudice.

Plaintiff also asserts claims for intentional and negligent infliction of emotional distress.  Dkt. # 1 at 20-21.  Although the Federal Tort Claims Act (FTCA) expressly waives sovereign immunity for certain tort claims, FTCA claims "are not available to federal employees alleging torts arising out of an employment relationship, and federal courts have no subject matter jurisdiction over such claims."  Williams v. England, 2007 WL 1184349, at *10 (W.D. Wash. Apr. 20, 2007) (citing Saul v. United States, 928 F.2d 829, 840-43 (9th Cir. 1991)).  Plaintiff's claims for negligent and intentional infliction of emotional distress are also dismissed with prejudice.

**2. Failure to State a Claim Under Rule 12(b)(6)**

Plaintiff's remaining claim is that defendants subjected him to harassment, disparate treatment, and retaliation based on his race, disability, age, and gender.  Dkt. # 1 at 19-20.  Although plaintiff characterizes this claim as one under Title VII, 42 U.S.C. § 2000e, *et seq.*, Dkt. # 1 at 19-20, his allegations regarding disability and age may be construed as claims

ORDER GRANTING MOTION TO DISMISS
AND DENYING MOTION TO SERVE - 3

cognizable under the Rehabilitation Act, 29 U.S.C. § 791, *et seq.*, and Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*

Because "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee," plaintiff's employment discrimination claims against the individually-named defendants under any of these statutes cannot proceed. Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998) (citing Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993), cert. denied, 510 U.S. 1049 (1994)); see also Chester v. Univ. of Washington, 2012 WL 3599351, at *3 & n.1 (W.D. Wash. Aug. 21, 2012). Thus, the Court will assess whether plaintiff's allegations can survive a Rule 12(b)(6) challenge as to the remaining defendant, plaintiff's federal employer.

The question for the Court on a motion to dismiss under Rule 12(b)(6) is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Conclusory allegations are insufficient. Id. at 678-79. While a complaint need not contain detailed factual allegations, "a formulaic recitation of the elements of a cause of action will not do," and the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

### a. Discrimination

To allege a *prima facie* case of unlawful employment discrimination on the basis of race,

ORDER GRANTING MOTION TO DISMISS
AND DENYING MOTION TO SERVE - 4

gender, disability, or age, a plaintiff may rely on indirect evidence of discriminatory intent by showing that (1) he is a member of one or more protected classes, (2) he was satisfactorily performing his job, (3) he suffered an adverse employment action, and (4) similarly situated employees who were not in the protected class were treated more favorably. Raytheon Co. v. Hernandez, 540 U.S. 44 (2003) (applying McDonnell Douglas framework to disability discrimination claim); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506-07 (1993) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)); Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir. 1990).

      Plaintiff has alleged that his race is "Black American" which is sufficient to meet the first element for a claim under Title VII based on race discrimination. Dkt. # 1 at 3. He also has alleged that he is over 40, as required for his ADEA claim. Id. Although he alleges that he is a "Disabled American Veteran," he does not provide further detail regarding his alleged disability. Id. To sustain a claim under the Rehabilitation Act, plaintiff must allege facts to demonstrate that he has a disability, defined as "'(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . .'" Moore v. Donahoe, 2012 WL 2979024, at *4 (N.D. Cal. July 19, 2012) (quoting 42 U.S.C. § 12102(2) in context of Rehabilitation Act claim). Plaintiff must also allege facts sufficient to demonstrate that he is "a 'qualified individual' who, with or without reasonable accommodation for his 'disability,' is capable of performing the essential functions of his job." Id. "The term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m). "The term essential functions means the fundamental job duties of the employment position the individual with a disability holds or desires." 29 C.F.R. § 1630.2(n)(1).

Plaintiff has alleged that he performed his job satisfactorily and that he was subject to an adverse employment action when he was terminated on August 12, 2011. Dkt. # 1 at 5, 6, 11.[2] Plaintiff has also alleged that "numerous of his former classmates were late and/or missing classes, with or without leave approval, for various reasons without any negative outcomes comparable to his termination." Dkt. # 1 at 9. This allegation may be sufficient if plaintiff identifies the basis of his discrimination claim – which the Court infers may be disability – and alleges that others not in that protected group were treated more favorably. See Marziano v. Cty. of Marin, 2010 WL 3895528, at *8-9 (N.D. Cal. Oct. 4, 2010) (reviewing cases addressing pleading standards regarding similarly situated employees and allowing plaintiff to amend complaint to clarify basis for discrimination claim). Plaintiff may be able to allege facts sufficient to support Title VII, ADEA, or Rehabilitation Act claims and will be granted the opportunity to address the pleading deficiencies discussed above by filing an amended complaint.

**b. Hostile Work Environment**

To prevail on a hostile work environment claim, plaintiff must prove that (1) he was subjected to verbal or physical conduct because of his race, sex, age, or disability; (2) the conduct was unwelcome; and (3) the conduct was so severe or pervasive as to alter the conditions of employment and create an abusive environment. Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998); Sischo-Nownejad v. Merced Comty. Coll. Dist., 934 F.2d 1104,

---

[2] Plaintiff also alleged that he received "written counseling" for using his phone, while two other Asian American employees who were using their phones nearby were not. Dkt. # 1 at 5, 7-8. He also alleged that he was issued written counseling regarding communications pertaining to his leave. Id. at 10. A written warning that does not change the terms and conditions of employment does not rise to the level of an adverse employment action. See Sanchez v. California, 90 F. Supp. 3d 1036, 1056-57 (E.D. Cal. 2015); Moore v. Marriott Int'l, Inc., 2014 WL 5581046, at *10 (D. Ariz. Oct. 31, 2014) (reviewing cases in Ninth Circuit). If the written counseling changed the terms or conditions of plaintiff's employment, and therefore could be considered an adverse employment action, or if the written counseling served as a basis for plaintiff's termination, plaintiff may allege these facts in an amended complaint.

ORDER GRANTING MOTION TO DISMISS
AND DENYING MOTION TO SERVE - 6

1109 (9th Cir.1991), overruled on other grounds as stated in Dominguez-Curry v. Nevada Transportation Dept., 424 F.3d 1027, 1041 (9th Cir. 2005); Ostrofsky v. Dep't of Rehab., 2009 WL 3011578, at *7-8 (E.D. Cal. Sept. 17, 2009), report and recommendation adopted, 2009 WL 3623203 (E.D. Cal. Oct. 29, 2009).

Although plaintiff states that he was subject to "non-verbal racial intimidation," Dkt. # 1 at 6, he does not provide any additional detail. This conclusory allegation is insufficient to sustain a hostile work environment claim. In addition, plaintiff has not identified conduct based upon his sex, age, or disability. While plaintiff's allegations regarding a hostile work environment are insufficient, he may be able to plausibly allege sufficient facts to state a claim under the elements identified above and will be given the opportunity to address these shortcomings in an amended complaint.

### c. Retaliation

To make out a *prima facie* case of retaliation, whether under Title VII, the ADEA, or Rehabilitation Act, plaintiff must demonstrate that (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there was a causal link between his activity and the employment decision. Barker v. Riverside Cty. Office of Educ., 584 F.3d 821, 825 (9th Cir. 2009); Poland v. Chertoff, 494 F.3d 1174, 1179 & n.1 (9th Cir. 2007); Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1065-66 (9th Cir. 2003), as amended (Jan. 6, 2004).

Plaintiff has alleged that he reported some incident of "non-verbal racial intimidation," though he did not provide details regarding the incident or report. Dkt. # 1 at 6. With additional detail, allegations regarding this report may be sufficient to establish the protected activity element of a relation claim, which includes "engaging in . . . activity intended to oppose an employer's discriminatory practices." Raad v. Fairbanks North Star Borough School Dist., 323 F.3d 1185, 1197 (9th Cir. 2003) (citing 42 U.S.C. § 2000e-3(a)). Plaintiff has not alleged facts that link this report in any way to his ultimate termination, and it must therefore be dismissed. Because plaintiff may be able to allege sufficient facts to establish a retaliation claim, this

ORDER GRANTING MOTION TO DISMISS
AND DENYING MOTION TO SERVE - 7

dismissal is without prejudice.

### d. Privacy Act

The Court also notes that plaintiff has alleged facts that suggest he may be pursuing a claim under the Privacy Act, 5 U.S.C. § 552a, although he has not identified this cause of action. See Dkt. # 1 at 12-21.  If plaintiff elects to pursue a Privacy Act claim in an amended complaint, he must allege sufficient facts to make a plausible claim that: "(1) the disclosed information is a 'record' contained with[in] a 'system of records'; (2) the agency improperly disclosed the information; (3) the disclosure was willful or intentional; and (4) the disclosure adversely affected the plaintiff." Pinson v. Fed. Bureau of Prisons, 2015 WL 756501, at *5 (E.D. Cal. Feb. 23, 2015) (citing 5 U.S.C. §§ 552a(a)(5), (g)(1)(D), (g)(4) (A) and Lane v. Dep't of Interior, 523 F.3d 1128, 1140 & n.11 (9th Cir.2008)), report and recommendation adopted, 2015 WL 1405224 (E.D. Cal. Mar. 26, 2015).

### 3. Amendment

For the foregoing reasons, defendant's motion to dismiss is granted and plaintiff's claims under Title VII, the ADEA, the Rehabilitation Act, and the Privacy Act, if any, are dismissed without prejudice.  Plaintiff shall be given an opportunity to amend his complaint to cure the deficiencies identified in this order and allege sufficient facts to support his claims.  Plaintiff shall file and serve an amended complaint in the above-captioned matter no later than August 19, 2016.  Failure to file a legally adequate amended complaint by that date may result in the entry of judgement in favor of defendant and against plaintiff.

## B. Motion to Serve

Plaintiff has been unable to serve the individually-named defendants and moved for an order allowing service by leaving the summons and complaint at the VA's Human Resources office and by serving the VA's counsel, Jamal Whitehead. Dkt. # 21.  As discussed above, plaintiff cannot proceed on any of his claims against the individually-named defendants.  Accordingly, the Court denies as moot plaintiff's motion to serve.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss (Dkt. # 2) is GRANTED, and plaintiff's motion to serve (Dkt. # 21) is DENIED.  Plaintiff may file and serve an amended complaint on or before August 19, 2016.

DATED this 6th day of July, 2016.

*MRT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS
AND DENYING MOTION TO SERVE - 9